```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BECKLEY
```

**MICHAEL BURNS,**

    **Movant,**

**v.**                                                 **CIVIL ACTION NO.     5:06-0877**
                                                     **CRIMINAL ACTION NO. 5:03-0030-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION AND JUDGMENT ORDER

By Standing Order filed in this case on October 18, 2006, this matter was referred to United States Magistrate Judge Mary E. Stanley.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge Stanley to submit proposed findings and recommendation concerning the disposition of this matter. Magistrate Judge Stanley submitted her Proposed Findings and Recommendation on November 13, 2006, and proposed that this court grant movant's 28 U.S.C. § 2255 motion concerning the denial of his direct appeal, and vacate and re-enter movant's criminal judgment to allow for a new appeal period.  (Doc. No. 158.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge Stanley's Proposed Findings and Recommendation.  Neither party filed any objections to the magistrate judge's proposed findings.  The failure of any party to file objections within the appropriate time frame constitutes a waiver of such party's right to a de novo review by

this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).

Having reviewed the Findings and Recommendation filed by Magistrate Judge Stanley, the court (1) **CONFIRMS** and **ACCEPTS** the magistrate judge's findings **IN PART**;[*] (2) **GRANTS** movant's motion under 28 U.S.C. § 2255 (Doc. No. 149); (3) **VACATES** movant's Amended Judgment in Criminal Case Number 5:03-0030-01; and (4) **RE-ENTERS** the Amended Judgment without change. An Amended Judgment in a Criminal Case, Amended Sealed Memorandum of Sentencing Hearing, and Amended Sealed Statement of Reasons will be entered in movant's criminal case contemporaneously with this order.

As a result of the court's vacating and re-entering of the Amended Judgment entered upon movant's resentencing in January of 2006, the time period for movant to appeal that resentencing begins anew with the re-entry of the Amended Judgment in movant's

---

[*] Magistrate Judge Stanley's Proposed Findings and Recommendation accept the statements made in the parties' briefs that counsel for the movant neglected to file a notice of appeal from movant's January 24, 2006 resentencing hearing, although requested by movant to do so. A review of the transcript from movant's resentencing hearing reveals, however, that movant requested on the record that the Clerk of the District Court prepare and file a notice of appeal on his behalf. This request was granted and the court directed, both on the record at the hearing and in its Sealed Memorandum of Sentencing Hearing, that the Clerk prepare such notice of appeal. (See Crim. No. 5:03-0030-01, Doc. No. 133 at 7, 8.) It appears, therefore, that the error for failing to file the notice lies with the Clerk, rather than with Ms. Macia, counsel for movant in the criminal proceedings. Accordingly, the court confirms and accepts the Proposed Findings and Recommendation except to the extent they assign error to Ms. Macia.

criminal case. The court informs movant again of his right to appeal the sentence imposed at his resentencing hearing in January of 2006, and the requirement that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within 10 days of the re-entry of the Amended Judgment. Movant is advised that if he wishes to appeal the sentence and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. Movant is further advised that if he so requests, the Clerk of the court will prepare and file a notice of appeal on his behalf.

The Clerk is directed to remove this action from the active docket of this court, and to forward a copy of this Memorandum Opinion and Judgment Order to all counsel of record and the movant.

IT IS **SO ORDERED** this 7th day of December, 2006.

ENTER:

David A. Faber
Chief Judge